Filed 3/13/13  P. v. Lucero CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055819 |
| v. | (Super.Ct.No. FMB1000049) |
| SHAWN STEPHEN LUCERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# INTRODUCTION

On February 11, 2010, an amended felony complaint charged defendant and appellant Shawn Stephen Lucero with unlawfully transporting a controlled substance, methamphetamine. (Health & Saf. Code, § 11379, subd. (a).)

The amended complaint included a sentencing enhancement under Penal Code section 667.5, subdivision (b), alleging: (1) that defendant had previously been convicted of receiving stolen property (Pen. Code, § 496) on May 25, 2005; burglary (Pen. Code, § 459) on August 2, 2002; and possession of a controlled substance (Health & Saf. Code, § 11377) on December 30, 2004; (2) that defendant had served a prison or county jail term for these offenses; and (3) that defendant had not remained free of custody and received a felony conviction during the five-year period following the conclusion of his prison or county jail term.

The amended complaint also included an additional sentencing enhancement under Health and Safety Code section 11370.2, subdivision (a), alleging that defendant had been convicted of possessing a controlled substance for sale on May 30, 2002. (Health & Saf., Code § 11378.)

On February 23, 2010, defendant entered a plea of guilty to the charge of transporting a controlled substance. (Health & Saf. Code, § 11379, subd. (a).) He also admitted the prior convictions of (1) receiving stolen property (Pen. Code, § 496) and (2) possession of a controlled substance (Health & Saf. Code, § 11377). The trial court then struck the allegation of a prior conviction of burglary. (Pen. Code, § 459.)

On March 23, 2010, after considering the probation officer's report, the trial court granted defendant supervised probation for a period of 36 months.

On July 19, 2010, defendant was arrested on an unspecified new charge; a new case, however, was not filed. The prosecution's motion to release defendant upon a clean test was granted. Defendant tested clean.

On November 28, 2011, defendant was remanded into custody for possible violation of his terms of probation. On January 9, 2012, without a hearing or formal admission, the trial court revoked and terminated defendant's probation. The trial court sentenced defendant to the midterm of three years for transporting a controlled substance. (Health & Saf. Code, § 11379, subd. (a).) The trial court also imposed three years for the sentencing enhancement under Health and Safety Code section 11370.2, subdivision (c), one year for his prior conviction under Penal Code section 496, and one year for his prior conviction of violating Health and Safety Code section 11377, to run consecutively, for a total term of eight years.

Defendant received credit for actual time served of 137 days, but the trial court deemed that he waived any Penal Code section 4019 credits by participating in the drug court program. On January 31, 2012, the trial court denied defendant's written motion to adjust his "out date" to reflect credit for time served and half-time credits.

On February 8, 2012, defendant filed a request to recall his sentence under section 1170, subdivision (d). On February 28, 2012, defendant filed an amended request. On March 5, 2012, the trial court denied defendant's request to recall his sentence.

3

On March 7, 2012, defendant filed his notice of appeal. The appeal "is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." Defendant did not file a request for certificate of probable cause.

## STATEMENT OF FACTS[1]

Since the age of 17, defendant has struggled with an addiction to methamphetamine. Despite his troubles with drugs, for nearly all of his six years as a state parolee, defendant has managed to stay sober, using methamphetamine only twice.

On February 4, 2010, defendant went to a party to celebrate the completion of his state parole. After a few drinks, he ran into an old acquaintance. As they talked, the topic of "'getting high'" came up. Defendant bought some methamphetamine. He used a small amount, but hid it from his fiancée, who did not know defendant had taken the drug. Later that night, defendant and his fiancée got into an argument. After calling someone to pick him up, he left her house and walked to a nearby intersection.

Around 10:00 p.m., Deputy Abel of the San Bernardino County Sheriff's Department heard a report over the police radio that gunshots had been fired. He saw defendant standing on the corner of an intersection talking on his mobile phone. After defendant ended his call, the deputy asked defendant if he had heard gunshots. Defendant stated that he did not.

---

[1] Since defendant pled guilty prior to a preliminary hearing, the statement of facts is derived from the sheriff's and probation officer's reports. The parties stipulated that the police reports would form the factual basis for defendant's guilty plea.

4

Deputy Abel stated that defendant appeared "very nervous and fidgety." The deputy associated these behaviors as being under the influence of drugs. Defendant's pupils also appeared to be dilated.

Deputy Abel informed defendant that he was going to search him for weapons. Defendant placed his iPod and mobile phone on the ground. Next to his phone, defendant laid a "pipe" wrapped in a blue paper towel. When asked by the deputy if he had any drugs on his person, defendant answered, "no."

Defendant denied being under the influence of drugs, but stated that he had used drugs the day prior. After further questioning, defendant stated that he had used drugs earlier in the morning. Deputy Abel informed defendant that he was under arrest for having the pipe. He handcuffed defendant, who then sat on the ground. Defendant again denied having any drugs on him.

Deputy Abel noticed a small pouch attached to defendant's waistband, which defendant described as an iPod holder. When the deputy opened the pouch, he discovered a "large quantity of plastic baggies" inside. One of the baggies contained a "white crystallized substance," which later turned out to be methamphetamine.

Defendant told the deputy that he had just bought the pouch from one of his friends for $20 and did not know anything was inside of it. When the deputy asked defendant again about the white substance in the baggie, defendant told him it was methamphetamine from a broken pipe.

Deputy Abel told defendant he was being arrested for possession of a controlled substance. Before putting defendant in the backseat of his car, the deputy searched him

5

again.  He discovered a tin container in the front pocket of defendant's sweatshirt.  Inside the container was another baggie containing a "white crystallized substance."  When the deputy asked defendant what as in the tin container, he stated it was methamphetamine for someone else.

Deputy Abel later tested and weighed the white crystals.  He concluded that defendant possessed a total of 0.7 grams of methamphetamine.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so.  On December 31, 2012, defendant submitted a five-page handwritten brief with attached documents.  In his supplemental brief, defendant challenges the validity of his plea.  In sum, defendant claims that (1) there is no substantial evidence to support his conviction; and (2) the judge and prosecutor violated the rules of professional conduct by forcing defendants who wish to participate in the drug court program "to plead guilty to crimes *not* supported by facts or evidence."

Notwithstanding defendant's argument, the record is clear that defendant pled guilty and admitted his prior convictions. Because defendant's contentions on appeal challenge his guilty plea, a certificate of probable cause is required.  (*People v. Panizzon*

6

(1996) 13 Cal.4th 68, 84.) Here, defendant did not obtain a certificate of probable cause; therefore, he may not challenge the validity of his plea agreement. (Pen. Code, § 1237.5.)

In his supplemental brief, defendant also seems to argue that there is no substantial evidence to support any finding that he violated the terms of his probation. Defendant claims that there was evidence that he did not violate any terms of his probation because his urine sample cleared him of drug or alcohol use. We have reviewed the transcript of the hearings wherein defendant's violations of the terms of his probation were discussed. During the hearings, the trial court noted that on December 5, 2011, defendant wrote a letter to the trial court admitting to drinking alcohol. The trial court also stated that defendant "did pick up a [driving under the influence] while in the drug court program, and so that is now his final straw. And his lack of remorse and his lack of candor in court—drug court is no longer an option for [defendant]. He is terminated from the program."

"[W]here the trial court was required to resolve conflicting evidence [to determine whether a defendant violated the conditions of his probation], review on appeal is based on the substantial evidence test. Under that standard, our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840,

848-849, fns. omitted.)  Based on defendant's own admission to using alcohol, the evidence supports the trial court's finding that defendant violated the terms of his probation.

We have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P.J.

We concur:

MILLER
J.

CODRINGTON
J.

8